United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Pablo Ibarra Aguinaga, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5032 |
| | § | |
| Raymond Thompson, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jose Pablo Ibarra Aguinaga, a native and citizen of Mexico, concedes that his detention is statutorily authorized under 8 U.S.C. § 1225(b)(2)(A). Docs. 1 ¶ 1; 14 at 2. On May 31, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Limestone County Detention Center in Groesbeck, Texas. Docs. 1 ¶ 1; 12 at 1.

Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (1) the Immigration and Nationality Act; (2) due process; (3) the Administrative Procedure Act; (4) the Fifth Amendment's Equal Protection Clause; and (5) the Suspension Clause of Article I of the Constitution.[1] Doc. 1 at 24–38

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 27–30. The Court assumes that Petitioner intends to raise due both due process challenges.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 13, to which Petitioner has responded in opposition, Doc. 14. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant[] for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 13 at 2, 8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026) (holding that detention under § 1225(b)(2)(A) does not violate (1) the Immigration and Nationality Act; (2) substantive due process; (3) procedural due process; (4) the Fourteenth Amendment's Equal Protection Clause[2]; (5) the Administrative Procedure Act; or (6) the Suspension Clause). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the

---

[2] Although Petitioner's equal-protection claim is brought under the Fifth Amendment, "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (citing *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975)). Accordingly, the Court's decision in *Campos* applies equally to Petitioner's Fifth Amendment equal-protection claim.

Petition for a writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 8th of October, 2026.

Nicholas J. Ganjei
United States District Judge